UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| HAMP'S CONSTRUCTION, L.L.C. | CIVIL ACTION |
| VERSUS | No. 09-4256 |
| TAG-MISSISSIPPI ENTERPRISES, L.L.C. | SECTION I/1 |

## ORDER AND REASONS

Before the Court is a motion for remand filed by plaintiff, Hamp's Construction, L.L.C. ("Hamp").[1] Defendant, TAG-Mississippi Enterprises, L.L.C. ("TAG"), opposes the motion.[2] For the following reasons, the motion is **DENIED**.

### *BACKGROUND*

This case arises out of a dispute between Hamp and TAG over the termination of their joint venture agreement. The purpose of this agreement is the fulfillment of a 4.5 million dollar construction contract for the U.S. Army Corps of Engineers ("Corps Contract"). In April, 2009, each party accused the other of using funds from a joint bank account in a manner not previously agreed to by the parties.

In June, 2009, Hamp filed a petition for preliminary injunctive relief and appointment of a receiver in Orleans Parish Civil District Court against TAG, alleging that TAG had violated the joint venture agreement with Hamp through the misappropriation of joint venture funds and the termination of Hamp from the agreement. The petition seeks, among other things: (1) a preliminary injunction prohibiting TAG from terminating the joint venture agreement or spending any joint venture funds; (2) a court-appointed receiver to take possession of all joint

---

[1] R. Doc. No. 4.
[2] R. Doc. No. 7.

venture funds—including any funds arising out of the Corps Contract in the past, present, or future; (3) damages, including interest and attorneys' fees, for breach of contract; and (4) all other relief in equity and by law.

TAG removed the lawsuit to this Court on July 6, 2009, asserting that the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.[3] TAG's removal notice alleges that the parties are diverse and that the amount in controversy, based on Hamp's claims for its share of the profits, reimbursement for joint venture expenses, and damages for breach of contract, exceeds $75,000.[4]

Hamp filed this motion to remand on the ground that the Court lacks subject matter jurisdiction over this lawsuit. Hamp concedes that the parties are diverse. The only issue before the Court is whether the amount in controversy, exclusive of interest and costs, exceeds $75,000 as required by 28 U.S.C. § 1332.

## *STANDARD OF LAW*

A district court must remand a case to state court if, at any time before final judgment, it appears that the court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). The removal statute is strictly construed. Gutierrez v. Flores, 543 F.3d 248, 251 (5th Cir. 2008). Further, "any doubt as to the propriety of removal should be resolved in favor of remand." Id. When challenged by a plaintiff seeking remand, the defendant attempting to establish removal bears the burden of establishing jurisdiction. Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 97 (1921); Sid Richardson Carbon & Gasoline Co. v. Interenergy Res., 99 F.3d 746, 751 (5th Cir. 1996) ("A party invoking the removal jurisdiction of the federal courts bears a heavy burden.").

---

[3] Section 1332 provides U.S. District Courts with original jurisdiction over all civil actions where the amount in controversy exceeds $75,000, exclusive of interests and costs, and where there is diversity of citizenship between the plaintiffs and defendants. 28 U.S.C. § 1332(a).
[4] R. Doc. No. 1, para. 27.

When a plaintiff's complaint does not allege a specific amount of total damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.  St. Paul Reinsurance Co. v. Greenberg, 134 F.2d 1250, 1253 (5th Cir. 1998).[5]  "The defendant may make this showing in either of two ways: (1) by demonstrating that it is 'facially apparent' that the claims are likely above the $75,000, or (2) 'by setting forth facts in controversy—preferably in the removal petition, but sometimes by affidavit—that support a finding of the requisite amount.'"[6]  Luckett v. Delta Air, Inc., 171 F.3d 295, 298 (5th Cir. 1999) (quoting Allen v. R & H Oil & Gas Co., 63 F.3d 1326, 1335 (5th Cir. 1995) (emphasis omitted)).  Then, a plaintiff can only defeat diversity jurisdiction by demonstrating to a "legal certainty" that the amount in controversy does not exceed $75,000.  Grant v. Chevron Phillips Chemical Co., 309 F.3d 864, 869 (5th Cir. 2002).

Jurisdiction is fixed at the time of removal.  Doddy v. Oxy USA, Inc., 101 F.3d 448, 456 (5th Cir. 1996).  Therefore, "once the district court's jurisdiction is established, subsequent events that reduce the amount in controversy to less than $75,000 generally do not divest the court of diversity jurisdiction."  Gebbia v. Wal-Mart Stores, Inc., 233 F.3d 880, 883 (5th Cir. 2000).  The Court may consider post-removal affidavits regarding the amount in controversy, but only to the extent that the basis for jurisdiction is ambiguous at the time of removal.  Gebbia, 233 F.3d at 883.  "[I]f it is facially apparent from the petition that the amount in controversy exceeds $75,000 at the time of removal, post-removal affidavits, stipulations, and amendments reducing the amount do not deprive the district court of jurisdiction."  Id.

---

[5] The Louisiana Code of Civil Procedure prohibits a plaintiff from including a specific monetary amount of damages in a petition's allegations or prayer for relief, except in "a suit on conventional obligation, promissory note, open account, or other negotiable instrument."  LA. CODE CIV. P. ART. 893.

[6] If the amount in controversy is not apparent from the complaint, a court may consider summary judgment-type evidence.  St. Paul Reinsurance Co., 134 F.2d at 1253.

*DISCUSSION*

Hamp's petition, in accordance with Louisiana law, does not allege any monetary amount. The petition seeks an injunction to obtain control of joint venture funds but it does not indicate the value of those funds. It is not facially apparent that the amount in controversy requirement is met. Therefore, the Court must next examine whether TAG can establish facts in controversy that support a finding that the jurisdictional requirements are met. Luckett, 171 F.3d at 298.

Hamp's petition requests "all damages, including interest and attorney fees, for [TAG]'s multiple [c]ontract breaches, including, but not limited to, its improper termination of the [joint venture agreement] and unauthorized withdraw [sic] of funds from the joint venture account."[7] Hamp now insists that this request was "inadvertent" and asserts that it will amend its petition to remove this request.[8] This assertion does not impact the Court's analysis because the existence of federal subject matter jurisdiction is determined at the time of removal. Doddy, 101 F.3d at 456. A complaint amended post-removal cannot divest a federal court of jurisdiction. St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 292 (1938).

Alternatively, Hamp contends that the damages claim is subject to binding arbitration and thus should not be considered. This assertion is also not supported by law. "The fact that it appears from the face of the complaint that the defendant has a valid defense, if asserted . . . will not justify remand." Id. at 289. At the time of removal, Hamp's damages claims were properly before the Court. Accordingly, the Court will consider the damages claims for the purposes of determining whether the amount in controversy requirement is met.

---

[7] R. Doc. No. 1-1, para. 40(c).
[8] R. Doc. No. 3, p. 12.

In its petition, Hamp claims damages for breach of contract as well as attorneys' fees.[9] Hamp previously estimated the value of its damages related to the termination of the contract at $100,000.[10] Additionally, Hamp asserts that the damages from the breach of contract "are causing irreparable harm to Hamp's goodwill and business reputation that jeopardize the very existence of Hamp's."[11] The Court is also permitted to consider Hamp's failure to contest removal with a sworn affidavit indicating that the requisite amount in controversy is not present. White v. FCI USA, 319 F.3d 672, 676 (5th Cir. 2003). Further, the already voluminous nature of the pleadings, indicates that the attorneys' fees alone might be worth in excess of $75,000. Taken together, there is little doubt that the $75,000 jurisdictional requirement is met.

Hamp's request for injunctive relief provides further support that the amount in controversy requirement is met. In an action for declaratory or injunctive relief, the amount in controversy is measured by the value of the right to be protected or the extent of the injury to be prevented. Garcia v. Koch Oil Company of Texas, Inc., 351 F.3d 636, 640 (5th Cir. 2003) ("in cases seeking equitable relief 'it is well established that the amount in controversy is measured by the value of the object of the litigation.'") (quoting Hunt v. Wash. State Apple Adver. Comm'n, 432 U.S. 333, 347 (1977)).

Hamp seeks an order enjoining TAG from the use of joint venture funds. At the time of removal, the value of those funds was more than $127,000.[12] Further, Hamp indicates that it is seeking the injunction to prevent, among other things, irreparable harm to Hamp's goodwill and business reputation, the joint venture's breach of the Corps Contract, and Hamp's potential liability from the performance bonds associated with the Corps Contract. Given the size of the

---

[9] Attorneys' fees, where authorized by contract, are included in the calculation of the amount in controversy. J.W. Springstead v. Crawfordsville State Bank, 231 U.S. 541, 542 (1913). The joint venture agreement between the parties includes a provision for the recovery of attorneys' fees. R. Doc. No. 7-1, p. 25, para. 23.
[10] R. Doc. No. 7-2 p. 17 (Exhibit A-15).
[11] R. Doc. No. 1-1, p. 8, para. 35.
[12] R. Doc. No. 7-3.

5

Corps Contract,[13] the amount of money held in the disputed account at the time of removal, and Hamp's concerns about preserving its business reputation and goodwill, the Court has no trouble concluding that "the extent of the injury to be prevented" exceeds $75,000.

Accordingly, and for the reasons stated above, **IT IS ORDERED** that the motion to remand is **DENIED**.

New Orleans, Louisiana, July 27, 2009.

**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**

---

[13] The total value of the Corps Contract exceeds 4.5 million dollars. R. Doc. No. 7-1, p. 2, para. 11.